### Deposit & Savings Bank v. Wright, Trustee.

(Decided December 17, 1912.)

### Appeal from Warren Circuit Court.

Bills and Notes—Assignor—Agreement to Take Up Note—Effect of As to Diligence in Bringing Suit.—Where a bank, in order to secure a loan, assigns a note to the lender, and at the same time agrees that it will take up the note as soon as it can, such an agreement is a waiver of diligence in bringing suit on the note, and having execution issued on the judgment even if diligence be required, and where suit is brought on the note before the oral promise to take it up is barred by the statute of limitations, a recovery against the bank in favor of the lender is properly adjudged.

JOHN M. GALLOWAY and GALLOWAY & MILLIKEN for appellant.

W. B. GAINES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On July 5, 1906, P. E. Stiff being indebted to the Deposit & Savings Bank of Bowling Green, Kentucky, on an overdraft, he and his wife, Clara E. Stiff, exe-

cuted and delivered to the bank a promissory note for that amount, bearing interest at the rate of six per cent from date, and due and payable one day after date. To secure the payment of this note, they executed and delivered to the bank a mortgage on a house and lot in Bowling Green belonging to Clara E. Stiff. During the panic in the fall of 1907, the bank was in need of cash, and asked D. W. Wright if he had any money which he would let the bank have. Wright, as trustee for a client of his, had on hand the sum of $234.88. He signified his willingness to let the bank have this sum provided the bank would secure him with good paper. Thereupon, the bank produced the Stiff note. It appears that both Wright and the vice president of the bank, who was the bank's active officer, and attended to such matters for the bank, believed that P. E. Stiff was insolvent. The note was accepted by Wright in the belief and upon the assurance of the vice president that the note was good by reason of the mortgage securing it. Both Wright and the then vice president of the bank also testified that the vice president agreed on behalf of the bank that if Wright would make the loan, the bank would take up the note as soon as it could.

On September 29, 1910, Wright and the bank as parties plaintiff brought suit against the Stiffs, wherein they asked for a personal judgment against them and the enforcement of the mortgage lien. Clara Stiff pleaded that she was an infant at the time the mortgage was executed, and upon this fact being conclusively shown, the action as to her was dismissed on April 11, 1911. Prior to that time and on November 12, 1910, personal judgment had been rendered against P. E. Stiff. Execution was not issued on this judgment until December 11, 1911. On the same day that it was issued it was returned no property found.

On December 11, 1911, D. W. Wright, trustee, brought this action to recover on the note in question. The bank pleaded want of diligence on the part of plaintiff, not only in bringing the suit, but in having execution issued on his personal judgment against P. E. Stiff. Plaintiff pleaded that he was excused from diligence in bringing the suit because of the bank's agreement to take up the note as soon as it could, and because of the other facts above set out. The chancellor rendered judgment in favor of the plaintiff, and the bank appeals.

Whether or not want of diligence in bringing suit may be relied upon to defeat a recovery on a note in a case like this is a question which we deem it unnecessary to decide. There is practically no dispute as to the circumstances under which the note in question was assigned, and the loan by the plaintiff to the bank was made. The bank was in need of funds. It applied to plaintiff for a loan. It agreed not only to give plaintiff the note in question as security for the loan, but at the same time agreed to take the note up as soon as it could. This separate undertaking on the part of the bank to take up the note as soon as it could was sufficient to dispense with and constituted a waiver of diligence in bringing suit and having execution issued on the judgment, even if diligence was required in order to hold the bank liable; and suit having been brought before the oral promise of the bank was barred by the statute of limitations, we conclude that the chancellor properly adjudged a recovery in favor of the plaintiff.

Judgment affirmed.